Robert L. Sherman (RS 5520)
Danielle M. White (DW 5475)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, NY 10022
Tel.: (212) 318-6000
Fax: (212) 318-6847

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| Palm Entertainment Properties, LLC, | |
| Plaintiff, | Civil Action No. |
| - against - | |
| Palm, Inc., PalmSource, Inc., formerly known as Palm, Inc., and Motricity, | **TRIAL BY JURY** |
| Defendants. | |

## COMPLAINT

Palm Entertainment Properties, LLC ("**Palm Entertainment**"), by and through its

attorneys, Paul, Hastings, Janofsky & Walker LLP, as and for its Complaint against defendants Palm,

Inc., PalmSource, Inc., formerly known as Palm, Inc. ("**PalmSource**"), and Motricity (collectively,

"**Defendants**"), alleges as follows, upon actual knowledge with respect to itself and its own acts and

on information and belief as to all other matters:

NY55/468599.8

## NATURE OF THE ACTION

1.      This is an action to recover for the damage caused by, and to prevent further damage arising from, Palm, Inc.'s and PalmSource's breach of a co-existence agreement with Palm Entertainment with respect to the use of PALM and PALM-derivative trademarks ("**PALM Trademarks**"), Motricity's tortious interference with the co-existence agreement, and Defendants' infringement of Palm Entertainment's rights in the PALM Trademarks by improperly expanding its use of PALM beyond the terms of the co-existence agreement.  Plaintiff seeks preliminary and permanent injunctive relief, compensatory damages and attorneys' fees.

## PARTIES

2.      Palm Entertainment is a Delaware limited liability company with a place of business at 76 Ninth Avenue, Suite 1110, New York, New York 10011.

3.      Palm Entertainment is in the business of offering audio and video recordings, audio and audio-visual discs, CD-ROMs, motion picture films, computer software, educational and entertainment services, entertainment services featuring music and video delivered via the internet and digital cable systems, and music and literary publishing services and related goods and services.

4.      Defendant Palm, Inc. is a Delaware corporation with a place of business at 400 N. McCarthy Blvd, Milpitas, CA 95035.

5.      Defendant PalmSource is a Delaware corporation with a place of business at 1240 Crossman Avenue, Sunnyvale, CA 94089.

6.      Defendant Motricity is a Delaware corporation with a place of business at 2800 Meridian Parkway, Suite 150, Durham, NC 27713.

7.      Palm, Inc. is in the business of developing, producing, and selling handheld computers.  PalmSource is in the business of developing and licensing software for use with handheld computers.   Motricity is in the business of providing mobile content, including games, ringtones and eBooks, to consumers and business partners.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

9.      This Court has personal jurisdiction over Defendants in that their conduct complained of herein has occurred and continues to occur and causes Palm Entertainment injury in this state and district.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## BACKGROUND AND FACTS

### Palm Entertainment's Business and Trademarks

11.     Palm Entertainment is an audio-visual entertainment company that produces, acquires and distributes innovative music and film projects.   Palm Entertainment is a leader in the converging music and film markets, placing an emphasis on projects that include music documentaries, independent and foreign cinema, and original audio-visual projects.  It has been responsible for such critical and commercial successes as The Basketball Diaries, Stop Making Sense, Sex and Lucia, The Believer, The Eye, Scratch, and The Director's Label Series, as well as albums from Zero 7, Dieselboy, Supreme Beings of Leisure, Baaba Maal, and Sly & Robbie.

12.     Palm Entertainment's properties include film and music divisions, Arthouse Films, sputnik7.com (audio and video streaming), epitonic.com (legal free mp3 downloads), and RES Media Group.  Palm Entertainment is also home to diverse film and music catalogues.

13.     Palm Entertainment is the owner of federal trademark Registration No. 2,861,829 for PALM PICTURES for production and distribution of music and audio-visual recordings, namely, music and sound recordings featuring literary presentations and pre-recorded video recordings featuring music, feature films, documentaries, children's films, animated films, short story films and television programming.

14.     Palm Entertainment has common law trademark rights in PALM, PALM VOD, PALM PICTURES VOD, and PALM WORLD VOICES.

15.     Palm Entertainment and its predecessor, Island Trading Company, Inc., have produced, advertised, promoted, and distributed audio-visual entertainment goods and services in interstate commerce under the PALM Trademarks continuously since their inception.

16.     Advertising and promotion of the products and services distributed under the PALM Trademarks have been and continue to be extensive by all standards.  Palm Entertainment expends a substantial amount each year in multi-media advertising and promotion of PALM products.

17.     Consumers and licensors of software and other forms of content have come to know and trust the PALM Trademarks as standing for Palm Entertainment's uniform level of high quality audio-visual entertainment goods and services.

18.     By virtue of Palm Entertainment's continuous use and its substantial expenditures on advertising and promotion, the PALM Trademarks have become famous and symbolize Palm Entertainment's extensive and valuable goodwill for audio-visual entertainment goods and services throughout the United States, Canada, the United Kingdom, and other international territories.

19.     As a direct result of the continued prominence and visibility of Palm Entertainment's PALM products, they have acquired widespread recognition and an outstanding reputation among consumers, licensors, and professionals in the film and music industry.  Palm Entertainment is aware of the fine image of its trademarks, which it protects assiduously.

20.     By virtue of the quality of Palm Entertainment's PALM products and services, the substantial sales of such products and services, and the advertising and promotional activities of Palm Entertainment in connection therewith, Palm Entertainment's PALM Trademarks have come to be recognized and relied on by the trade and the consuming public as identifying products originating exclusively with Palm Entertainment, and as distinguishing them from the goods and services of others.  The PALM Trademarks have achieved recognition as Palm Entertainment's source identifiers and have come to represent and embody Palm Entertainment's valuable goodwill and reputation for innovation, quality and value, and are strong and famous marks.

**Consent and Co-Existence Agreement**

21.     Defendants use PALM Trademarks for computer hardware, associated applications software, and accessories for use with handheld computers.

22.     For many years, the parties used PALM Trademarks concurrently for the sale and distribution of their respective goods and services.  Conflict arose when each sought to register its

mark in various countries, because the non-filing party's prior registration or opposition would prevent registration.

23.     To alleviate that problem, Palm Entertainment and Palm, Inc. entered into a consent and co-existence agreement on August 14, 2000 (the "**Agreement**"), a true and correct copy of which is attached hereto as Exhibit A.  The Agreement was intended to allow the parties to co-exist and obligated them to take those steps necessary to avoid confusion in the marketplace as a result of their respective uses of the PALM Trademarks.

24.     Palm Entertainment and Palm, Inc. acknowledged that they entered into the Agreement because they "are of the view that their respective goods and services . . . are distinct, and that the channels of trade in respect of which these are utilized are different, such that there is not a likelihood of confusion arising from the use and the registration of their respective marks." Ex. A at 1.

25.     Pursuant to the Agreement, Palm, Inc. agreed "that it will not use and register its PALM Trademarks in connection with music and film recordings, and the services and other goods covered by the marks of Island Trading and Palm Entertainment." Ex. A, ¶ 1.

26.     Palm Entertainment agreed that it "shall not use the mark PALM in connection with computer hardware, software or accessories for handheld computers, or written instruction manuals for use in connection with computer hardware or software for handheld computers, or for handheld computers." Ex. A, ¶ 2.

27.     Each consented to the other's concurrent use and registration of trademarks incorporating the term PALM in connection with their respective goods and services.  Ex. A, ¶¶ 3-4.

28.     Palm Entertainment and Palm, Inc. agreed that the Agreement would be binding upon and enure to the benefit of their successors and assigns.  Ex. A, ¶ 7.

**Defendants' Conduct**

29.     On information and belief, in or about January 2002, Palm, Inc. created a new subsidiary, PalmSource, Inc.  In or about October 2003, PalmSource, Inc. was spun off as a separate and independent company, while Palm, Inc. changed its name to palmOne, Inc. after it merged with another company, Handspring, Inc.  In or about July 2005, palmOne, Inc. changed its name back to Palm, Inc.

30.     On information and belief, Palm Digital Media, a former subsidiary of PalmSource, changed its name to ereader.com when it was acquired in 2003 by Palm Gear, Inc., an unaffiliated internet seller of software for computer handhelds.  Palm Gear, Inc. and ereader.com were acquired by Motricity, which operates the palmgear.com website under a trademark license from PalmSource.

31.     On information and belief, at all times pertinent hereto Motricity knew of the existence of the Agreement and the terms contained therein.

32.     Defendants are directly and indirectly expanding their use of PALM Trademarks beyond handheld computers and associated hardware.

33.     PalmSource has a website, palmsource.palmgear.com, that is promoting and selling limited audio-visual content for handheld computers under the PalmSource name.

34.     The PalmSource website uses PALM as a way for customers easily to identify software products that have been tested by their developers for compatibility with Defendants'

NY55/468599.8

-7-

products.  The PalmSource website is a gateway for handheld computer consumers to download games, productivity software, ebooks, sync software, audio ringtones, and music.

35.     Motricity's unaffiliated palmgear.com website also is selling audio and visual content under trademark license from PalmSource.

36.     On information and belief, Palm, Inc. also is a licensee of the PalmSource software.

37.     Defendants' products are closely associated with the promotion, sale and playback of audio-visual content.  A major marketing feature of Defendants' products, such as Palm, Inc.'s newest product, the Life Drive mobile manager, is the ability for handheld computers to playback audio-visual content.

38.     Such use of PALM by Defendants with, by and through its affiliated companies, is a breach of the Agreement.

39.     Accordingly, Defendants have made and continue to make unauthorized and infringing use of Palm Entertainment's PALM Trademarks.  The unauthorized and infringing use of Palm Entertainment's PALM Trademarks is likely to confuse consumers into believing that Defendants somehow are associated, connected or affiliated with Palm Entertainment, or that Palm Entertainment gave Defendants and their affiliates permission to use the famous PALM Trademarks in connection with the promotion and sale of audio-visual content for handheld computers.  None of that is true.

40.     Defendants' use of PALM Trademarks is designed and is likely to lead consumers and the trade mistakenly to believe that Defendants' products and services, as well as the producer

of those products and services, originate with Palm Entertainment, or are sponsored or approved by, or affiliated with, Palm Entertainment or Palm Entertainment's products and services, or that Palm Entertainment has given them permission.

41.     Defendants' use of Palm Entertainment's PALM Trademarks is unauthorized, infringing, likely to cause confusion, mistake or to deceive, and is a breach of the Agreement.

42.     Defendants' use of PALM substantially and irreparably injures Palm Entertainment by impairing and threatening to impair the goodwill that Palm Entertainment has created in the products and services distributed under its PALM Trademarks.

## COUNT I
## Breach of Contract

43.     Palm Entertainment repeats and realleges the allegations contained in paragraphs 1 – 42 as if fully set forth herein.

44.     The Agreement is a valid, enforceable agreement between Palm Entertainment, Palm, Inc., and PalmSource.  The Agreement prohibits Palm, Inc., PalmSource, and their successors and assigns from using or registering any PALM Trademark in connection with audio and visual recordings, and related goods and services.

45.     By directly and indirectly offering audio-visual content for handheld computers, Palm, Inc. and PalmSource have breached the Agreement with Palm Entertainment.

46.     By promotion and offering audio-visual content in breach of the Agreement, Palm, Inc. and PalmSource have breached the implied covenant of good faith and fair dealing.

47.     The conduct of Palm, Inc. and PalmSource has damaged Palm Entertainment and has caused and will continue to cause, unless enjoined, substantial, immediate and irreparable injury to Palm Entertainment in an amount that cannot presently be determined and/or cannot be fully quantified.

48.     Palm Entertainment has no adequate remedy at law to redress Palm, Inc.'s and PalmSource's ongoing breach of their obligations to Palm Entertainment under the Agreement.

## COUNT II
## Tortious Interference with Contract

49.     Palm Entertainment repeats and realleges the allegations contained in paragraphs 1 – 48 as if fully set forth herein.

50.     The Agreement is a valid, enforceable agreement between Palm Entertainment, Palm, Inc., and PalmSource.  The Agreement prohibits Palm, Inc., PalmSource, and their successors and assigns from using or registering any PALM Trademark in connection with audio and visual recordings, and related goods and services.

51.     Motricity, acting with knowledge of the Agreement, has knowingly, intentionally and maliciously induced Palm, Inc. and PalmSource to breach the Agreement and/or knowingly accepted the benefits of their breach, including but not limited to Defendants' expansion of the use of PALM and PALM-derivative trademarks beyond handheld computers and associated hardware.

52.     Motricity, acting with knowledge of the Agreement, has rendered performance of the Agreement impossible by promoting and selling audio-visual content for handheld computers under a trademark license from PalmSource using PALM and PALM-derivative trademarks.

53.     By inducing Palm, Inc. and PalmSource to breach the Agreement, by accepting the benefits resulting therefrom, and/or by rendering performance of the Agreement impossible, Motricity has tortiously interfered with the Agreement, intentionally, maliciously and without legal justification, and said interference was done with improper purpose or means.

54.     The conduct of Motricity has damaged Palm Entertainment and has caused and will continue to cause, unless enjoined, substantial, immediate and irreparable injury to Palm Entertainment in an amount that cannot presently be determined and/or cannot be fully quantified.

55.     Palm Entertainment has no adequate remedy at law to redress Motricity's ongoing tortious interference with the Agreement.

## COUNT III
## Trademark Infringement under 15 U.S.C. § 1114

56.     Palm Entertainment repeats and realleges the allegations contained in paragraphs 1 – 55 as if fully set forth herein.

57.     Defendants' use of PALM and PALM-derivative marks for the promotion and sale of audio-visual content for handheld computers is likely to cause confusion, or to cause mistake, or to deceive the public, in violation of 15 U.S.C. § 1114.

58.     The actions of Defendants complained of herein have caused, are causing and, unless enjoined by this Court, will continue to cause irreparable harm, damage and injury to Palm Entertainment, for which Palm Entertainment has no adequate remedy at law.

59.     The actions of Defendants complained of herein have damaged, are damaging and will continue to damage Palm Entertainment in an amount not yet determined.

NY55/468599.8

## COUNT IV
## False Designation of Origin and Unfair Competition
### Lanham Act § 43(a) (15 U.S.C. § 1125(a))

60.     Palm Entertainment repeats and realleges the allegations contained in paragraphs 1 – 59 as if fully set forth herein.

61.     Defendants' use of PALM and PALM-derivative marks for the promotion and sale of audio-visual content for handheld computers is likely to cause confusion, or to cause mistake, or to deceive the public, in violation of 15 U.S.C. § 1125.

62.     Defendants' unlawful, unauthorized and unlicensed distribution and sale of their products using such marks create the express and implied misrepresentation that their products are produced, authorized or approved by Palm Entertainment, all to Defendants' profit and Palm Entertainment's great damage and injury.

63.     Defendants' aforesaid acts violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of PALM and PALM-derivative marks in connection with their goods in interstate commerce constitutes a false designation of origin and unfair competition.

64.     The actions of Defendants complained of herein have caused, are causing and, unless enjoined by this Court, will continue to cause irreparable harm, damage and injury to Palm Entertainment, for which Palm Entertainment has no adequate remedy at law.

65.     The actions of Defendants complained of herein have damaged, are damaging and will continue to damage Palm Entertainment in an amount not yet determined.

## COUNT V
## Common Law Trademark and Trade Name Infringement

66.     Palm Entertainment repeats and realleges the allegations contained in paragraphs 1 – 65 as if fully set forth herein.

67.     Defendants' foregoing acts constitute trademark and trade name infringement under the common law of the state of New York and the law of every state in which Defendants do business.

68.     The actions of Defendants complained of herein have damaged, are damaging and will continue to damage Palm Entertainment in an amount not yet determined.

### Demand For Relief

WHEREFORE, Plaintiff respectfully prays for judgment to be entered against Defendants as follows:

a.      Preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees and attorneys, and those persons acting in concert with them from:

1)      using on or in connection with any audio-visual related goods or services or the manufacture, importation, sale, offering for sale, digital download, distribution, advertising, promotion, labeling or packaging of any audio-visual goods or services, or from using for any commercial purpose whatsoever Palm Entertainment's PALM Trademarks, or any other mark that is likely to cause confusion with Palm Entertainment's PALM Trademarks;

2)        representing by any means whatsoever, directly or indirectly, that any products or services sold or offered by Defendants are associated with, sponsored, endorsed or authorized by, connected or affiliated with Plaintiff; and

3)        causing, engaging or permitting any individual or entity to perform any of the aforementioned acts.

b.        Preliminarily and permanently enjoining Motricity, its officers, agents, servants, employees and attorneys, and those persons acting in concert with them from interfering with the Agreement, accepting the benefit of any breaches thereof, and/or rendering performance of the Agreement impossible.

c.        Compelling Defendants to cease and desist from promoting, offering or distributing through any channel of trade audio-visual content for handheld computers.

d.        Directing Defendants to file with the Court and serve on attorneys for Plaintiff within thirty (30) days after entry of any preliminary or permanent injunction issued by this Court, a sworn written statement as provided in 15 U.S.C. § 1116 setting forth in detail the manner and form in which Defendants have complied with the injunction.

e.        Directing Defendants to account to Plaintiff for any and all gains, profits and advantages derived from Defendants' wrongful acts complained of herein.

f.        Awarding Plaintiff such damages as it has sustained as a consequence of Defendants' wrongful acts complained of herein.

g.        Awarding Plaintiff on its state law claim compensatory and punitive damages in an amount to be determined at trial.

NY55/468599.8

h.      Awarding Plaintiff the costs of this action and its reasonable attorney fees pursuant to 15 U.S.C. § 1117.

i.      Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

A trial by jury on all issues permitted to be so tried is hereby demanded.

Dated: July 2̶5̶ 2005
New York, New York

Respectfully submitted,

PAUL, HASTINGS, JANOFSKY
& WALKER LLP

By: _____
       Robert L. Sherman (RS 5520)
       Danielle M. White (DW 5475)
75 East 55th Street
New York, NY 10022
Tel.: (212) 318-6000
Fax: (212) 230-7841

*Attorneys for Plaintiff*

Exhibit A

## CONSENT AND CO-EXISTENCE AGREEMENT

This Agreement is entered into as of the 14th day of August, 2000, by and between Palm, Inc., (Palm, Inc.) a Delaware Corporation having a principal place of business at 5470 Great America Parkway, Santa Clara, CA 95052, Palm Entertainment Properties LLC, (Palm Entertainment) a Delaware limited liability company having a principal place of business at 4 Columbus Circle, 4th Floor, New York, New York 10019, and Island Trading Company, Inc., (Island Trading) a New York corporation having its principal place of business at 4 Columbus Circle, 4th Floor, New York, New York 10019.

WHEREAS, Palm, Inc. is the owner of various Trademarks incorporating the term PALM for use in connection with its family of PALM Trademarks in various countries of the world in respect of computer hardware and software and accessories for handheld computers ("PALM's goods") which include and are the subject of the attached lists of Trademark Applications and Registrations ("the PALM Trademarks");

WHEREAS, Island Trading is the record owner of the Trademarks PALM and PALM PICTURES in various countries of the world in respect of audio and video recordings, audio and audio-visual discs, CD Roms, motion picture films, computer software, educational and entertainment services, entertainment services featuring music delivered via global computer networks; music and literary publishing services and related goods and services, and has assigned or is about to assign to Palm Entertainment the above-mentioned Registrations and pending Applications, the aforesaid marks being hereinafter referred to as the "Palm Entertainment Trademarks" and a current listing thereof being attached hereto;

WHEREAS, the Palm Entertainment marks are used or intended to be used on goods in the nature of audio and visual recordings related to the music and film industries, and goods related thereto; and, in relation to services, to services in the nature of entertainment services, including services delivered on line, and via global computer networks, which marks are not used, or intended to be used in connection with goods comprising computer hardware and software and accessories for handheld computers;

WHEREAS Palm, Inc. has not used it's marks in respect of the goods and services relating to the Palm Entertainment Trademarks;

WHEREAS Island Trading and Palm Entertainment have not used the Palm Entertainment Trademarks in respect of computer hardware and software and accessories which are directed to handheld computers;

WHEREAS Palm, Inc. on the one hand, and Island Trading on the other hand, have had each others Trademarks Registrations and/or Applications cited against certain of their respective Trademark Applications in various countries of the world;

WHEREAS the parties are of the view that their respective goods and services, as set forth above, are distinct, and that the channels of trade in respect of which these are utilized are different, such that there is not a likelihood of confusion arising from the use and the registration of their respective marks;

**WHEREAS** the parties have agreed to enter into this Global Co-existence Agreement whereby the parties agree not to object or interfere with or oppose the Trademark Applications and/or Registrations of the other provided these confirm to the terms of this Agreement and have further agreed mutually to cooperate in the registration of the Trademark Applications and Registrations of the other in accordance with the terms and provisions of this Agreement;

**WHEREAS** the parties are not aware of any consumer or public confusion and do not believe that any such confusion is likely to occur, having regard to the following circumstances:

(a)     The computer hardware, software and accessories for use with handheld computers in regard of which Palm, Inc. is using its PALM mark are different and distinct from the audio video recordings and related goods for the music and film industry and the services described above in respect of which Island Trading and Palm Entertainment, are or will be, using the Palm Entertainment Trademarks.

(b)     Palm, Inc. has been using its marks since 1992 and Island Trading and its successor Palm Entertainment have been using their marks since at least 1998 and the parties are not aware of any occurrences of any actual confusion in relation thereto.

(c)     The respective goods and services of the parties are generally sold and marketed through different channels of trade.

**NOW THEREFORE**, in consideration of the mutual promises of the parties named herein, and other good and valuable consideration, the parties hereby agree as follows:

1.     Palm Inc. agrees that it will not use and register its PALM Trademarks in connection with music and film recordings, and the services and other goods covered by the marks of Island Trading and Palm Entertainment as set forth hereinabove.

2.     Island Trading and Palm Entertainment agree that they shall not use the mark PALM in connection with computer hardware, software or accessories for handheld computers, or written instruction manuals for use in connection with computer hardware or software for handheld computers, or for handheld computers.

3.     Island Trading and Palm Entertainment consent to the use by Palm, Inc. and registration of Trademarks incorporating the term PALM in connection with the goods of Palm, Inc., and shall take no action against Palm, Inc. in connection with its use and registration of its Trademarks incorporating the term PALM as long as Palm, Inc. is in compliance with the terms of this Agreement.

4.     Palm, Inc. consents to the use and registration by Island Trading Company, Inc. and Palm Entertainment of the marks PALM and PALM PICTURES in connection with the goods and services of Island Trading and Palm Entertainment, as long as the latter are in compliance with the terms of this Agreement.

5.    Neither party will object to, interfere with or oppose the Trademark Applications or Registrations of the other provided such Trademark Applications and Registrations conform to the terms and conditions of this Agreement.

6.    The parties shall cooperate in the securing of registration of their respective marks as set forth hereinabove in the various jurisdictions of the world and shall cooperate in taking whatever reasonable steps are necessary to secure registrations in specific jurisdictions, which may include the provision of individual consent agreements specific to a particular Trademark Application or jurisdiction, and by the amendment or restriction by the party in question of its Applications or Registrations, in order to ensure these comply with the terms and conditions of this Agreement.

7.    This Agreement shall be binding upon and enure to the benefit of, the respective Successors, Assigns of the parties, and others in privity with the parties.

In witness whereof the parties through their duly authorized officers denoted below, have executed this Agreement in duplicate as of the day and year first above written.


PALM, INC.                              ISLAND TRADING COMPANY, INC.


By: _____              By: _____
Name:                                   Name:
Title:                                  Title: Treasurer

Dated: August 22, 2000                  Dated: August 25, 2000


                                        PALM ENTERTAINMENT PROPERTIES LLC

                                        By: _____
                                        Name:
                                        Title:

                                        Dated: August ___1___, 2000

NOTARIAL CERTIFICATE (CORPORATION)

UNITED STATES OF AMERICA )
                         )
STATE OF NEW YORK        ) SS:
                         )
COUNTY OF NEW YORK       )


On this 1st day of August 2000, before me personally appeared Michael Seltzer

to me known, who, being by me duly sworn, did depose and say that he/she resides at

3 Wildwood Drive
North Caldwell, NJ 07006

and that he/she is the Assistant Secretary

of Palm Entertainment Properties LLC

the corporation described in and which executed the foregoing instrument; that he/she knows the seal

of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so

affixed by order of the Board of Directors of said corporation, and that he/she signed his/her name

thereto by like order.


(Notarial
Seal)

Notary Public

**KEVIN T. GATES**
Notary Public, State of New York
No. 02GA6033600
Qualified in New York County
Commission Expires November 22, 2001


(NA) 1/97 – FZL&Z

NOTARIAL CERTIFICATE (CORPORATION)

UNITED STATES OF AMERICA)
                        )
STATE OF NEW YORK       ) SS:
                        )
COUNTY OF NEW YORK      )

On this 25th day of August 2000, before me personally appeared Meg Friedman

to me known, who, being by me duly sworn, did depose and say that he/she resides at

and that he/she is the Treasurer

of Island Trading Company, Inc.

the corporation described in and which executed the foregoing instrument; that he/she knows the seal
of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so
affixed by order of the Board of Directors of said corporation, and that he/she signed his/her name
thereto by like order.

(Notarial
Seal)

Notary Public

KEVIN T. GATES
Notary Public, State of New York
No. 02GA6032600
Qualified in New York County
Commission Expires November 22, 2001

(NA) 1/97–FZL&Z